IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| FREDRICK B. MOTLEY, #235 375, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:18-CV-880-CSC |
| | ) | |
| WARDEN III - RICHER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**[1]

Proceeding *pro se*, Plaintiff filed this 42 U.S.C. § 1983 action on October 15, 2018. On October 18, 2018, the Court entered an Order of Procedure. Doc. 4. The Order directed Defendants to file an answer and written report to the Complaint and also directed Plaintiff to immediately inform the Court of any new address. Doc. 4 at 2, ¶6 ("Plaintiff shall immediately inform the court and Defendants or Defendants' counsel of record of any change in his address."). The Order cautioned Plaintiff his failure to provide a correct address to the Court within ten (10) days of any change of address would result in the dismissal of this action. Doc. 4 at 3, ¶6.

---

[1] The parties in this case consented to the exercise of jurisdiction by the Magistrate Judge under 28 U.S.C. § 636(c) for all proceedings. Specifically, the parties executed a written consent form which reads, in relevant part, that in accordance with the provisions of § 636(c) and Federal Rule of Civil Procedure 73, the parties in this case "consent to have a United States magistrate judge conduct all proceedings in this case, including trial, the entry of a final judgment, and post-judgment proceedings." Doc. 15.

The Court recently determined that Plaintiff is no longer at the last address he provided for service.² Accordingly, the Court entered an Order on February 19, 2021, requiring that by March 5, 2021, Plaintiff file with the Court a current address or show cause why this case should not be dismissed for his failure to adequately prosecute this action. Doc. 23. The February 19 Order specifically advised Plaintiff the administration of this case could not proceed if his whereabouts remained unknown and cautioned him his failure to comply with its directives would result in dismissal of this case. *Id.* Plaintiff has filed no response or otherwise complied with the directives of the February 19 Order. The Court therefore concludes this case shall be dismissed.

The Court has reviewed the file to determine whether a measure less drastic than dismissal is appropriate. *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117–18 (11th Cir. 2007). After such review, the Court finds dismissal of this case is the proper course of action. First, the administration of this case cannot properly proceed in Plaintiff's absence. Next, it appears Plaintiff is no longer interested in the prosecution of this case as he has failed to comply with the orders of the Court. Finally, under the circumstances of this case, the Court finds any additional effort to secure Plaintiff's compliance would be unavailing and a waste of the Court's scarce judicial resources. Consequently, the undersigned concludes this case is due to be dismissed. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, where a litigant has been forewarned dismissal for failure to obey a court order is not an

---

²*See* http://doc.state.al.us/InmateSearch (last visited April 6, 2021).

abuse of discretion.).  The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962).  This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Id.* at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (observing that a "district court possesses the inherent power to police its docket.").  "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice."  *Id.*

For the foregoing reasons, this case is DISMISSED without prejudice.

A Final Judgment will be entered separately.

Done, this 6th day of April 2021.

                                              /s/   Charles S. Coody  
                                             CHARLES S. COODY  
                                             UNITED STATES MAGISTRATE JUDGE